LOTTINGER, Judge.
This is a suit instituted by J. W. Cason, Jr., as petitioner, against James M. Brasher and Ernest Albert Rhoten, as defendants, in which petitioner seeks judgment declaring a purported assignment between defendants declared a nullity and further declaring that a certain executory proceeding based on said assignment was null and void. Petitioner further contends, that the alleged assignment “constituted a wanton and willful and fraudulent act”, and claims damages in the sum of Fourteen Thousand Five Hundred Ninety-three and 02/100 ($14,593.02) Dollars.
The Lower Court rendered judgment in favor of defendants and dismissed petitioner’s suit. Petitioner has appealed.
*316 The record discloses that on August 14, 1961, defendant, Brasher, sold the corporate stock of the Dixie Lunchroom, Inc. to petitioner. The petitioner gave defendant Brasher a note for Two Thousand and No/100 ($2,000.00) Dollars, and also gave him two checks totaling Five Hundred and No/100 ($500.00) Dollars. Both of these checks were subsequently dishonored.
On September 20, 1961, petitioner sold the Dixie Lunchroom, Inc. to Mr. Willie Lee Gimble for Two Thousand Two Hundred and No/100 ($2,200.00) Dollars represented by two promissory notes which Mr. Gimble gave to petitioner. On April 24, 1962, Mr. Brasher was awarded a judgment against petitioner for One Thousand Seven Hundred Twenty-six and No/100 ($1,726.00) Dollars, representing the balance due on the notes and the two dishonored checks. Two days later, on April 26, 1962, petitioner endorsed both Gimble notes to Mr. Brasher so that Mr. Brasher could collect what he could on them. Petitioner testified that he never considered the giving of these notes to defendant Brasher as payment of said notes. On July 2, 1962, garnishment proceedings were filed by Mr. Brasher against petitioner with the A & C Music Company named as garnishee. Mr. Cason advised Mr. Brasher that he would be fired if the garnishment would remain, and apparently Mr. Brasher agreed to release the garnishment in order for Mr. Ca-son to retain his employment so that eventually he could pay off his indebtedness. Mr. Cason then gave Mr. Brasher’s attorney a Three Hundred and No/100 ($300.-00) Dollars promissory note for releasing the garnishment.
Petitioner, apparently owning a piece of real estate which he was intending to sell, requested that defendant Brasher release the mortgage on that parcel of land in order that he could sell it and settle his judgment debt with Brasher. Mr. Brasher consulted his attorney, Mr. Fowler, and asked him to draw up a partial release so as to release the property in question from the judicial mortgage. The young attorney consulted the Clerk of Court where the property was located and was advised by the Clerk precisely what form to follow. He followed the instructions of the Clerk of Court and prepared the release of the judicial mortgage on this one particular parcel of land. The letter cancelling the mortgage on the land was never filed by Mr. Cason, and thus, a lot of ground subsequently acquired by him became burdened with the judicial mortgage.
Petitioner, apparently aware that the judgment had not been settled, allowed defendant Brasher to sue Mr. Gimble on the notes. On March 27, 1963, judgment was rendered in favor of Mr. Brasher against Mr. Gimble.
During August of 1963, Mr. Rhoten purchased the property from Mr. Cason without a title examination and later, in July of 1969, attempted to sell the land but could not because of the judicial mortgage against Mr. Cason. Mr. Rhoten contacted Mr. Cason who did not deny he owed the judgment, however, he asked Mr. Rhoten to ask Mr. Brasher if he would accept One Thousand and No/100 ($1,000.00) Dollars in settlement. Mr. Brasher refused and this law suit resulted.
In its oral reasons for judgment, the Lower Court said:
“Gentlemen, for the plaintiff to win this lawsuit he would have to prove by a preponderance of the evidence that the judgment had been settled for the $300.-00 note; and, the subsequent payment of that note. Both the plaintiff, Mr. Cason, and the defendant, Mr. Brasher, are in agreement that the transfer of the Gim-ble notes amounted to no more than simply an attempt to allow Mr. Brasher to collect the full amount of the indebtedness which Cason owed to him. So, we can dismiss from any consideration the effect of the transfer of the Gimble notes and the subsequent suit thereon insofar as determining whether or not there was a settlement made with regard to the judgment which Mr. Brasher had *317 taken against Mr. Cason. This leaves us with the question of the $300.00 note, the question of whether or not it was intended to be in full settlement of the total indebtedness owed by Mr. Cason to Mr. Brasher. Mr. Fowler, who was representing Mr. Brasher at the time, 'said that it was not intended to be in settlement of the entire indebtedness but represented his fees and that Mr. Brasher was to collect the note and turn it over to him, which apparently was done. This is at complete odds with the testimony of -Mr. Guerriero who said in his deposition that there was no question about it whatsoever; that the $300.00 note was given in full and final settlement of the judgment indebtedness. To back this up he, of course, received from Mr. Fowler a letter authorizing the cancellation of the judgment. Mr. Fowler said that the clerk of court in Monroe advised him how to draw the letter; that this is what the Clerk wanted in order to cancel the judgment, but that it was not intended to be a remission of the indebtedness, or intended to satisfy the full indebtedness. So, you see, gentlemen, we have two attorneys in Monroe, one saying one thing and one saying the opposite. There are reasons on both sides, I think, to doubt at least in part the testimony of these two gentlemen. One could have been motivated by his desire to avoid a malpractice suit and the other one could have been motivated simply to help his old client. We really don’t know what the entire situation is with these gentlemen. I will say that it would have been more helpful to the Court to have had them on the stand so that I could have looked at them and tried to make a determination of their credibility.
In addition to the two attorneys we have testimony and other evidence indicating, of course, that Mr. Brasher never felt that he had been paid; that he intended to get his money. He attempted to get it from the Gimble affair and failed there; and, he says he was fully aware that he had a judgment which affected realty in Ouachita Parish and that eventually he would have to be paid. Mr. Cason admits that he’s got the world’s worst memory. He’s certain in his own mind that this $300.00 note was in full settlement but he’s uncertain as to many other details as regards the entire transaction. The Court believes that this case can be resolved simply on the proposition that the plaintiff has failed to prove by a preponderance of the evidence that there was in truth and in fact a settlement of the entire indebtedness and for that reason the Court renders judgment in favor of the defendant and against the plaintiff, dismissing the suit at plaintiff’s costs. Gentlemen, if the Court finds time we will give addition written reasons. I don’t promise those but we will try to get to them.”
It is contended by the petitioner that there was a complete settlement between petitioner and Mr. Brasher of the April 24, 1962 judgment which was accomplished by the receipt of Mr. Brasher of the Three Hundred and No/100 ($300.00) Dollar promissory note of Mr. Cason, as well as the Gimble note in the sum of One Thousand Seven Hundred and 42/100 ($1,700.-42) Dollars.
Petitioner also maintains that the alleged assignment of the judgment rendered on April 24, 1962, from Brasher to Rhoten was null and void because both of these parties knew that the judgment had been satisfied and was in nonexistence as in indebtedness.
The petitioner also maintains that Mr. Brasher, in accepting the $300.00 promissory note dated July 18, 1962, agreed to cancel the judgment against Mr. Cason. It is inconceivable to this Court that Mr. Brasher would have accepted a promissory note in full satisfaction and remission of a judgment in the sum of One Thousand Seven Hundred Twenty-six and No/100 ($1,726.00) Dollars. As far as the Gimble note, it came into Mr. Brasher’s possession on April 26, 1962, which was long before the $300.00 note came into existence.
*318 Attorney Fowler explained to the Court that Mr. Cason owned some real estate that he was attempting to sell, but he could not sell it because of the judicial mortgage. Mr. Cason contacted Mr. Brasher and asked if he would release the mortgage on the property, so that it could be sold. Mr. Brasher contacted Mr. Fowler and asked him to release the mortgage with the hopes of being paid by Mr. Cason from the proceeds of the sale. But Mr. Fowler claims that the sole purpose of the letter was to get the judgment off the real estate so that it could be sold without any liens against it. It was in no way intended to be a satisfaction in full of the judgment.
We feel that the Lower Court was correct when it held that petitioner failed to prove by a preponderance of the evidence that there was in truth and in fact a settlement of the entire indebtedness.
Accordingly, for the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.